Filed 5/16/16  P. v. Schumacher CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079599 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042326) |
| v. | |
| MAX JUSTIN SCHUMACHER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Max Justin Schumacher has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We remand the matter to the trial court with directions to provide a detailed recitation of all fees, fines, penalties, and assessments imposed, and the statutes under which they are imposed, and to modify the May 21, 2015 minute order and the May 21, 2015 terms and conditions of formal probation to correctly reflect that information.  In all other respects, we will affirm the judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

On January 18, 2015, law enforcement officers responded to a complaint of a verbal dispute between defendant and his father. Defendant was reportedly in a trailer and possibly armed with a large knife and a pellet gun. When officers arrived, defendant was ordered out of the trailer and searched. Officers found defendant in possession of a pocketknife, numerous hypodermic needle caps, and one .22-caliber round. A second .22-caliber round was found inside the trailer. Defendant's speech and movement were slow, his pupils restricted, and his eyelids droopy. He had multiple injection sites on his inner arms. Defendant told officers he used heroin the night before, but only because he was out of his prescription methadone. Defendant performed "poorly" during field sobriety tests and was arrested and taken into custody.

Defendant was charged by criminal complaint with unlawful possession of ammunition by a felon (Pen. Code § 30305, subd. (a)(1))[1] and being under the influence of a controlled substance, a misdemeanor (Health & Saf. Code § 11550, subd. (a)).

On February 26, 2015, defendant entered a negotiated plea of no contest to both counts in exchange for no immediate state prison. He also admitted that, as a result of the plea, he was in violation of probation in unrelated case numbers SCR87855, SCR88476, and SCR91340, each of which the People agreed to dismiss with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. Defendant stipulated to a factual basis for the plea.

At the May 21, 2015 sentencing hearing, the trial court found there was a factual basis for defendant's plea, placed him on three years of formal probation subject to

---

[1]     Unspecified statutory references are to the Penal Code.

specified terms and conditions, imposed fees and fines, and ordered him to serve 90 days in county jail with credit for six days served.[2] The court terminated probation as unsuccessful in case numbers SCR87855, SCR88476, and SCR91340, and ordered time served in all three cases.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

The court's oral pronouncement of judgment is not consistent with either the minute order or the terms and conditions of formal probation, both dated May 21, 2015. In particular, the court imposed fees and fines using a unique, cumulative fine and fee imposition regimen, purportedly applying section 672, which provides for a separate fine for violations whose statutes do not include fine amounts. Because section 672 is not a vehicle for imposing all mandatory and permissive fines and fees which arise from separate statutes, this extra-legal process is not in compliance with *People v. High* (2004)

---

[2]     Defendant's opening brief states, in a footnote, as follows: "On November 23, 2015, the Butte County Superior Court responded to [defendant's] Penal Code section 1237.1 letter with a document entitled 'Response to Communication'. Judge Robert A. Glusman stated in this document that [defendant] was awarded 6 days custody credits under section 4019. A Proof of Service is attached to the 'Response to Communication' indicating that this Court was served with the response." We find nothing in the record regarding either a "Penal Code section 1237.1 letter" sent by defendant or the trial court's response thereto, and the record citation provided by defendant does not assist us in that regard.

119 Cal.App.4th 1192. We therefore remand the matter to the trial court to provide a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases (*id.* at p. 1200), and to modify the May 21, 2015 minute order and terms and conditions of formal probation to accurately reflect that information.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The matter is remanded to the trial court for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.


      NICHOLSON      , J.


We concur:


      RAYE      , P. J.


      HULL      , J.